ALEJO AVALLO HERNANDEZ, SR. V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-031-CR

ALEJO AVALLO HERNANDEZ, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of nolo contendere, a jury convicted Appellant Alejo Avallo Hernandez, Sr. of aggravated sexual assault of a child and assessed his punishment at seventy five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings a single point on appeal, arguing that the trial court abused its discretion by failing to grant his motion to suppress his statement made to a police officer after he had invoked his right to counsel.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgment.

Appellant was arrested after the police received a complaint that he had threatened and attempted to bribe his nine-year-old grandson into engaging in oral sex.  The child’s father found Appellant in the child’s bedroom, bent over the bed and holding his own genitals.  When the child’s mother asked him what had happened, the child said that Appellant had attempted to bribe him to suck his penis.  When he refused, Appellant threatened to slap him if he did not suck Appellant’s penis. 

At trial, Appellant entered a plea of no contest to aggravated sexual assault of a child and stipulated to specific evidence of guilt, the admissibility of which is not before us.  After the jury found Appellant guilty, the trial on punishment began.  The trial court denied Appellant’s motion to suppress an oral custodial statement that he had made to the police after invoking his right to counsel, and the statement was admitted.

Appellant contends that his statement is inadmissible because it was elicited during custodial interrogation after he invoked his right to counsel.  Appellant relies on the “bright line” 
Edwards 
rule that once the right to counsel is invoked, interrogation must cease and cannot be reinstated by the police.
(footnote: 2)  He also cites 
Dickerson v. United States
,
(footnote: 3) in which the United States Supreme Court reaffirmed 
Miranda
(footnote: 4), rejecting Congress’s revival of the old “totality of the circumstances” test.
(footnote: 5)
 There is, however, a difference between a 
voluntary
 statement and a 
volunteered
 statement.
(footnote: 6)  A voluntary statement may be a statement made in response to interrogation or the functional equivalent of interrogation.
(footnote: 7)  The functional equivalent of interrogation occurs when the police engage in conduct that they know is likely to elicit an incriminating response from the defendant.
(footnote: 8) 
Dickerson
 concerned a statement that the United States argued was voluntary despite the absence of 
Miranda
 warnings.
(footnote: 9)
 The case before us, however, involves a volunteered statement that was not in response to interrogation.  After the officer read Appellant his 
Miranda
 rights and asked if he would voluntarily talk to her, Appellant invoked his right to counsel.  The officer’s questioning stopped.  She then told Appellant that he was being charged for putting his penis into his grandson’s mouth and got up to leave the room.  When she turned to leave, Appellant stated, “He did that to me.”  The officer immediately told Appellant not to say anything else.

As the State points out, Appellant has attempted to show that the officer’s action of informing Appellant of the charges against him was the functional equivalent of custodial interrogation.  Informing an arrested person of the charges against him is part of a police officer’s routine, administrative duty.
(footnote: 10)  It is not designed to elicit a response; therefore it is not the functional equivalent of custodial interrogation.
(footnote: 11)  Consequently, Appellant’s right to have counsel present during interrogation had not yet been triggered and could not have yet been violated.
(footnote: 12)
 Applying the requisite bifurcated standard of review,
(footnote: 13) we hold that the record supports the trial court’s denial of Appellant’s motion to suppress.  We overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Edwards v. Arizona
, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85 (1981).

3:
530 U.S. 428, 120 S. Ct. 2326 (2000).

4:
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).

5:
Dickerson
, 530 U.S. at 444, 120 S. Ct. at 2336-37.

6:
Granviel v. State
, 723 S.W.2d 141, 146 (Tex. Crim. App. 1986) (citing  
Miranda
, 384 U.S. at 478, 86 S. Ct. at 1630, and 
Edwards
, 451 U.S. at 485, 101 S. Ct. at 1885), 
cert. denied
, 484 U.S. 872 (1987).

7:
Rhode Island v. Innis
, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689 (1980);
 McCrory v. State
, 643 S.W.2d 725, 734 (Tex. Crim. App. 1982).

8:
Innis
, 446 U.S. at 300-01, 100 S. Ct. at 1689-90;
 McCrory
, 643 S.W.2d at 734.

9:
United States v. Dickerson
, 166 F.3d 667, 675 (4
th
 Cir. 1999), 
rev’d
, 530 U.S. 428, 120 S. Ct. 2326 (2000).

10:
See Pennsylvania v. Muniz
, 496 U.S. 582, 601-02, 110 S. Ct. 2638,  2650 (holding that questions reasonably related to the police officer’s administrative concerns do not fall under 
Miranda
).

11:
See id.

12:
See Edwards
, 451 U.S. at 486, 101 S. Ct. at 1885.

13:
See 
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).